IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FLOYD B. WARE, JR., #02074286 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv101 |
| P. KEMPT, ET. AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Floyd B. Ware, a prisoner confined at the Polunsky Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff Ware's case concerns his allegation that Defendants employed excessive force upon him during a cell extraction at the Michael Unit. A status conference was held before the undersigned on May 24, 2023. The present Report concerns Plaintiff Ware's motion for summary judgment, (Dkt. #74), and motion for a temporary restraining order, (Dkt. #76). For reasons explained below, the Court recommends that the motions be denied. The Court determines that issues of material fact exist in this case, precluding summary judgment.

**I. Ware's Motions**

In his motion for summary judgment, Ware asks the Court to refer to his exhibits, which include his prison grievances, sick-call requests, declarations, and use-of-force reports. He also highlights a TDCJ report that shows Defendant Townsend, Warden, remarked that staff actions were not consistent with TDCJ policies and procedures—and that two employees were disciplined.

1

Ware further lists the medications prescribed to him for pain, which included methocarbamol, amoxicillin, and ibuprofen. He also sought counseling for post-traumatic stress disorder. Ware makes no arguments in his motion and cites various rules of Federal Civil Procedure.

Turning to Ware's motion for a temporary restraining order, (Dkt. #76), he seeks removal from the Polunsky Unit because he is being retaliated against. Specifically, he maintains that officers are giving his food to other prisoners, refusing to give him trays, and "beat" him on April 28, 2022. Ware further explains that his property was taken, half of which is missing. He notes that he filed a prison grievance but is being intimidated and retaliated against.

## II. Defendants' Response

In response to Ware's motion for summary judgment, Defendants filed a motion to strike, (Dkt. #77). They argue that Ware's motion is untimely pursuant to the scheduling order—and, if considered timely, maintain that fact disputes exist between Ware's version of events and Defendants' version. Specifically, Defendants argue that "[d]espite Jett's description of two officers striking Ware, there is clear evidence that he was resisting the officers and attempting to strike him," (Dkt. #77, pg. 4). They insist that a genuine issue of material fact exists whether the forced used was malicious and sadistic, precluding summary judgment in this case. Ware did not file a reply.

## III. Legal Standards

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.  In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable

to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "Material facts are those that might affect the outcome of the suit under the governing law." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2019) (internal citation and quotations omitted).

The United States Court of Appeals for the Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id.* at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

Moreover, a party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). In other words, if the movant failed to carry its burden on one element, the motion must be denied. *Providence Title Co. v. Fleming*, 2023 WL 316138, at *2 (5th Cir. 2023).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

**IV. Discussion and Analysis**

Ware's motion for summary judgment should be denied because an issue of material fact exists. Specifically, while Ware maintains that Defendants employed excessive force that was malicious and sadistic in violation of the Eighth Amendment, (Dkt. #31, pg. 8-9), Defendants argue that force was used in a good faith effort to maintain and restore discipline. Accordingly, Ware has not shown that no issue of material fact exists, and his motion should be denied.

Similarly, Ware failed to establish the elements required for a temporary restraining order/preliminary injunction. He failed to establish that a substantial threat exists that irreparable harm will result if the injunction or restraining order is not granted—as he provides no facts

illustrating or indicating that he is currently in danger that is both clear and imminent. *See Hainze v. Richards*, 207 F.3d 795, 802 n.41 (5th Cir. 2000) ("Further, for an injunction to issue based on a past violation, Hainze must establish that there is a 'real or immediate threat that he will be wronged again.'"). In other words, Ware highlights past harm without sufficient facts showing immediate threat of repeated injury in the future. *See, e.g.*, *Matez v. Foley*, 2020 WL 2926464, at *3 (N.D. Tex. June 3, 2020) ("In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.") (emphasis supplied). Here, Ware's conclusory claims of past harm fail to show that any danger is clear or imminent.

To the extent that Ware is expressing fear of future harm, the speculative nature of such claim does not satisfy the heightened burden necessary for the extraordinary relief of a preliminary injunction. *See, e.g.*, *Richie v. UTMB Hospital Galveston*, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18. 2012) ("Moreover, plaintiff's complaint that he will suffer irreparable harm is speculative only. Plaintiff's allegations of *potential* harm do not amount to constitutional violations, and in the absence of a constitutional violation, federal court are reluctant to interfere in the internal affairs of local jails or state prisons."); *Balentine v. Brako*, 2021 WL 5256601, at *6 (S.D. Tex. May 7, 2021) ("While Plaintiff indicates he is likely to suffer serious injury if not returned to safekeeping status, such complaints of irreparable harm are speculative at best.).

As noted above, Ware has provided the Court with no indication that he is currently at risk of imminent injury. In fact, while Ware's lawsuit concerns a force incident occurring at the Michael Unit, his motion concerns alleged past incidents at the Polunsky Unit. The Polunsky Unit is not within this Court's jurisdiction—and the Defendants in this lawsuit are located at the Michael Unit. The Polunsky Unit is outside of the territorial jurisdiction of the Eastern District of

Texas. Consequently, this Court lacks in personam jurisdiction over the individuals there. *See Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir. 1992). This lack of in personam jurisdiction precludes the entry of an injunction against the officials at the Polunsky Unit. *Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985). In other words, this Court lacks jurisdiction and the Defendants in this case have no authority to transfer him off the Polunsky Unit. Ware offers no facts suggesting that prison officials at the Polunsky Unit are acting in concert or are in privity with the named Defendants at the Michael Unit.

Ware likewise failed to establish the that the threatened injury outweighs the threatened harm to the defendants or that the granting of the preliminary injunction will not disserve the public interest. A prisoner does not have a constitutionally protected right to choose his housing. *See Poree v. Akwitti*, 834 F. App'x 934, 935 (5th Cir. 2021). Additionally, in the prison context, the United States Supreme Court has held that district courts should abstain from enmeshing itself in the minutiae of prison operations—particularly regarding issues surrounding safety and security. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)). Consistent with that principle, prison officials and administrators are afforded wide-ranging deference in the adoption and execution of policies and practices. *Bell*, 441 U.S. at 547; *see also Arenas v. Calhoun*, 922 F.3d 616, 621 (5th Cir. 2019) ("Furthermore, officers should be accorded wide-ranging deference in the … execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") (internal quotations and citation omitted).

Here, Ware's asks the Court to direct prison officials to transfer him off the Polunsky Unit based on alleged past incidents, which would improperly micro-manage prison operations. *See Cook v. Unit*, 2009 WL 10705232, at *1 (S.D. Tex. Jul. 8, 2009) ("Moreover, interference with

prison operations would not be in the public's interest and it would be a waste of judicial resources to micro-manage the prison unit's classification and security decisions."). Because Ware failed to carry his burden of persuasion on the required elements for injunctive relief, and this Court is without jurisdiction over prison officials at the Polunsky Unit, Ware's motion for a temporary restraining order should be denied.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff Ware's motion for summary judgment, (Dkt. #74), and motion for a temporary restraining order/preliminary injunction, (Dkt. #76), be denied. Further, the Court recommends that Defendants' motion to strike Plaintiff's motion for summary judgment, (Dkt. #77), be denied as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 2nd day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE